UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ORLANDO OCASIO,

                Petitioner,

      v.

JOSEPH NOETH,

             Respondent.

**DECISION AND ORDER**

19-CV-06894 EAW

## BACKGROUND

*Pro se* petitioner Orlando Ocasio ("Petitioner") is a prisoner incarcerated at the Attica Correctional Facility who has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Currently pending before the Court are three motions: (1) a motion to seal filed by respondent Joseph Noeth ("Respondent") (Dkt. 22); (2) a motion to expand the record filed by Petitioner (Dkt. 28); and (3) a motion for leave to file an untimely response to the motion to expand the record filed by Respondent (Dkt. 30).  For the reasons discussed below, Respondent's motion to seal is granted in part and denied in part, Petitioner's motion to expand the record is denied, and Respondent's motion for leave to file a late response to the motion to expand the record is denied as moot.

---

[1]     The operative pleading is the amended petition, filed on July 13, 2020.  (Dkt. 7).

**DISCUSSION**

I.   **Motion to Seal**

"The notion that the public should have access to the proceedings and documents of courts is integral to our system of government." *United States v. Erie Cnty. N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).  The right of public access to judicial documents is grounded in both common law and in the First Amendment. *Id.* at 239.  However, the "right of access . . . is not absolute.  Proceedings may be closed and, by analogy, documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (quotations and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) ("[T]he presumption of access [to judicial documents] can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing.").

Petitioner's criminal convictions involve the sexual abuse of minor children.  The Court has already permitted Respondent to file the state court record under seal, in order to protect the minor victims' right to privacy. (Dkt. 19).  However, Respondent has further asked to file his memorandum of law in opposition to the amended petition under seal, purportedly to protect the minor victims from having their identities made public. (Dkt. 23).

The Court does not find that sealing of the entirety of Respondent's memorandum of law under seal is warranted.  Significant portions of this document recount the

procedural history of the case and/or make legal arguments, and there is no basis for the Court to seal those aspects of Respondent's filing.  Further, while Respondent urges the Court to seal the memorandum of law in order to avoid revealing the minor victims' relationship to Petitioner, the amended petition, which is available on the public docket, clearly states that the minor victims were Petitioner's stepdaughters.  (Dkt. 7 at 10).  The Court cannot find the presumption of public access overcome as to information that is already publicly available.

However, the Court does find it appropriate to redact from the memorandum of law certain detailed descriptions of the sexual abuse perpetrated on the minor victims, as well as the detailed descriptions of the medical examinations performed on them.  Redaction of this information is necessary to protect the minor victims' right to privacy in their health information, and the protection of this right overcomes the presumption of public access.

The Court has arranged for the filing, contemporaneously with the filing of this Decision and Order, of a sealed, unredacted version of Respondent's memorandum of law, and of a redacted version thereof consistent with the Court's ruling.

## II.   **Motion to Expand the Record**

Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts provides: "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition.  The judge may require that these materials be authenticated."  In order to justify expanding the record under Rule 7, "Petitioner must show that if the factual record is developed, [he] may be

entitled to relief." *Rucano v. LaManna*, No. 18-CV-4586, 2020 WL 978825, at *2 (E.D.N.Y. Feb. 28, 2020).

Here, Petitioner seeks to add to the record three unauthenticated letters, which he claims to have "discovered" in his prison cell in October 2020. (Dkt. 20 at 2). The first two of these letters are purportedly from Petitioner's ex-wife, the mother of the minor victims. (Dkt. 28 at 5-18). These letters, which are purportedly from 2009, discuss Petitioner's ex-wife's feelings for him and disbelief of her daughters' claims that Petitioner sexually abused them. (*Id.*). The third, unsigned letter is dated November 30, 2010, and purports to be from an individual who believes the minor victims were not telling the truth, based on reports from Petitioner's ex-wife. (*Id.* at 19). Petitioner indicates that this third letter is from "Dwight Gerrow, retire [sic] Monroe County Sheriff" (*id.* at 3), but provides no additional information about his relationship with Mr. Gerrow.

Petitioner has not demonstrated that the letters he seeks to add to the record might entitle him to relief. First, the letters are unauthenticated—indeed, the letter purportedly from Mr. Gerrow is typewritten and unsigned—rendering them of limited evidentiary value. In any event, even taken at face value, at most these letters indicate that the two individuals identified as authoring them believe (or believed in 2009 and 2010) Petitioner to be innocent of the crimes for which he was convicted. The subjective beliefs of Petitioner's ex-wife and a retired employee of the sheriff's department are not the kind of additional evidence that could potentially tip the scales in Petitioner's favor. Further, there is simply no basis for Petitioner's contention that these letters "could shed light and give contradictorial [sic] statement against the People's medical expert" (*id.* at 2), as none of

- 4 -

the letters purport to offer any opinion on the medical evidence offered at trial.  Petitioner's motion to expand the record is accordingly denied.

Further, because the Court has determined based on its own independent review of Plaintiff's submission that expansion of record is not warranted, there would be no purpose in permitting Respondent to file an untimely response to Petitioner's motion[2]. Respondent's motion for leave to file a late opposition is accordingly denied as moot.

## CONCLUSION

For the reasons set forth above, the Court: grants in part and denies in part Respondent's motion to seal (Dkt. 22); denies Petitioner's motion to expand the record (Dkt. 28); and denies as moot Respondent's motion for leave to serve an untimely opposition to the motion to expand the record (Dkt. 30).  The Court will issue a decision on the amended petition (Dkt. 7) in due course.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:  April 16, 2021
        Rochester, New York

---

[2]     Petitioner appears to be under the mistaken impression that Respondent is seeking leave to file his response to the amended petition out of time.  (*See* Dkt. 31).  Respondent's response to the amended petition was timely filed on February 3, 2021.  (Dkt. 23).