UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ORLANDO OCASIO,

     Petitioner,

  v.

JOSEPH NOETH,

     Respondent.

_____

**DECISION AND ORDER**

19-CV-06894 EAW

## BACKGROUND

*Pro se* petitioner Orlando Ocasio ("Petitioner") is a prisoner incarcerated at the Attica Correctional Facility who has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  On April 16, 2021, the Court entered a Decision and Order (Dkt. 34) (the "April Decision") that, among other things, denied Petitioner's motion to expand the record (Dkt. 28).  Familiarity with the April Decision is assumed for purposes of this Decision and Order.

Petitioner has now filed: (1) a motion seeking reconsideration of the portion of the April Decision denying his motion for expansion of the record (Dkt. 35); and (2) a motion to hold the matter in abeyance pending an examination by "an Independent Pediatric Medical Examiner."  (Dkt. 36).  For the reasons set forth below, these motions are denied.

---

[1]  The operative pleading is the amended petition, filed on July 13, 2020.  (Dkt. 7).

## DISCUSSION

### I.     Motion for Reconsideration

As explained by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995).   "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice."  *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and quotation omitted).   "With respect to the third of these criteria, to justify review of a decision, the Court must have 'a clear conviction of error on a point of law that is certain to recur.'"  *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)).   "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court."  *Griffin Indus., Inc. v. Petrojam, Ltd*., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999).

Petitioner has failed to satisfy the standard for reconsideration.  As he acknowledges in his papers, his request is based on the fact that he is "in disagreement" with the Court's prior analysis.  (Dkt. 35 at 1).  Petitioner's disagreement with the Court's ruling does not constitute an adequate reason for revisiting the matter and his motion is accordingly denied.

*See United States v. Seng*, No. S5 15-CR-706 (VSB), 2021 WL 961749, at *2 (S.D.N.Y. Mar. 15, 2021) ("A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.'") (quoting *AP v. United States DOD*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)).

## II.    Motion to Hold the Matter in Abeyance

Petitioner's second motion asks the Court to hold this matter in abeyance "upon seeking an Independent Pediatric Medical Examiner to which one was never introduce[d] in petitioner's defense." (Dkt. 36 at 1). It is not clear to the Court whether Petitioner is asking the Court to appoint an independent pediatric medical examiner or if he is indicating that he is taking independent action to secure the services of one. To the extent he is asking the Court to appoint an independent pediatric medical examiner, that request is denied. "[R]eview [of a habeas corpus petition] under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Petitioner has cited no authority suggesting that it would be appropriate for this Court, on federal habeas review, to appoint an independent medical expert in this case.

Petitioner's request to hold the matter in abeyance is also denied. To the extent that request was premised on a belief that the Court could or would appoint an independent pediatric medical examiner, it fails for the reasons discussed above. To the extent Petitioner is seeking additional time to allow him to independently seek out the services of a pediatric medical examiner, he has failed to provide the Court with any explanation of

how he intends to obtain such services, the timeframe in which he anticipates doing so, and what impact he believes it would have on the instant matter.  Under these circumstances, the Court finds no basis to hold the matter in abeyance.

The Court notes that Petitioner's reply in further support of his amended petition was due on June 3, 2021.  (*See* Dkt. 27).  Because Petitioner's motion to hold the matter in abeyance was pending as of that deadline, and in light of his *pro se* status, the Court will afford Petitioner an extension.  Petitioner must file his reply on or before **January 14, 2022**.  Any request by Petitioner to extend this deadline must be received before the deadline passes and must set forth in detail the reasons why he is unable to timely file his reply.

## **CONCLUSION**

For the reasons set forth above, the Court denies Petitioner's motions for reconsideration  (Dkt. 35) and to hold the matter in abeyance (Dkt. 36).  Petitioner must file his reply in further support of the amended petition on or before **January 14, 2022**.  The Court will issue a decision on the amended petition (Dkt. 7) in due course.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  December 16, 2021
         Rochester, New York